Elissa D. Miller (CA Bar No. 120029)
emiller@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Helen R. Frazer, Chapter 7
Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:07-bk-19570-BB |
| ROBERT BANE, an individual, | Chapter 7 |
| Trustee. | **MOTION OF HELEN R. FRAZER, CHAPTER 7 TRUSTEE, TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS , ESTABLISHING OVERBID PROCEDURES AND WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(H); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF HELEN R. FRAZER AND ROBERT BANE IN SUPPORT THEREOF** |
| | **[11 U.S.C. §§ 363(b)(1) & 363(f); Fed. R. Bankr. P. 6004]** |
| | DATE:  March 2, 2010
TIME:   2:00 p.m.
PLACE: Courtroom 1475
           255 East Temple Street
           Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE;**

**THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER INTERESTED**

**PARTIES:**

Helen R. Frazer, Chapter 7 Trustee of the above referenced case (the

"Trustee"), will and hereby does move for an Order authorizing her to sell the estate's

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1 │ interest in certain identifiable artwork (the "Artwork") Thomas J. Riccio, an individual

2 │ ("Riccio") for the sum of $125,000.00 (the "Purchase Price") through 13 installment

3 │ payments (the "Payments") on the terms and conditions set forth in the Sale Agreement,

4 │ attached hereto as **Exhibit 1,** free and clear of all liens, claims and interests.

5 │      This motion is brought in accordance with 11 U.S.C. §§ 363(b)(1)

6 │ and (f) and Federal Rule of Bankruptcy Procedure 6004, and is made on the ground that

7 │ the proposed sale is supported by a good business justification and is in the best

8 │ interests of the estate.

9 │      This motion is based on the Memorandum of Points and Authorities,

10 │ the declaration, and the exhibit(s) attached hereto; all judicially noticeable facts; all other

11 │ admissible evidence properly before the Court; and any arguments and/or testimony to

12 │ be presented at the hearing on the Motion.

13 │      **WHEREFORE**, the Trustee respectfully requests that the Court enter

14 │ an order:

15 │      1.      Authorizing the Trustee to sell the Artwork to Riccio; ;

16 │      2.      Ordering that the sale shall be free and clear of all liens and

17 │ other interests pursuant to 11 U.S.C. § 363(f);

18 │      3.      Establishing overbid procedures and authorizing overbids;

19 │      4.      Waiving the fourteen (14) day stay period provided under Rule

20 │ 6004(h) of the Federal Rules of Bankruptcy Procedure;

21 │      5.      Authorizing the Trustee to execute any documents and take

22 │ all actions necessary or appropriate to effectuate the sale;

23 │      6.      Reserving exclusive jurisdiction to enforce the terms of, and/or

24 │ resolve any disputes related to, the sale of the Artwork; and

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    7.    Granting such other relief as the Court deems just and proper.

2

3    DATED:  February 2, 2010          Respectfully submitted,

4
                                       **Sulmeyer**Kupetz
5                                      A Professional Corporation

6
                                       By: _____
7                                          Elissa D. Miller
8                                          Attorneys for Helen R. Frazer, Chapter 7
                                           Trustee
9

10

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

I.

## INTRODUCTION AND PERTINENT FACTS

On October 23, 2007 Robert S. Bane ("Bane") filed a voluntary petition under chapter 7 of title 11 of the United States Code.  On the same date, Robert Bane, Ltd., Inc also filed a petition commencing a Chapter 7 case. The Trustee was appointed and qualified as the chapter 7 Trustee in both cases.  Among the assets of the Bane Ltd. estate was art inventory.  The Trustee commenced litigation against Bane and Bane, Ltd., among others.

On August 24, 2009, the Court entered an Order Granting Motion Of Chapter 7 Trustee To Approve Settlement, which approved and made effective a Settlement Agreement by and between the Trustee, Bane and Bane Ltd. to resolve the litigation.  Through the Settlement Agreement, the art inventory in the Bane Ltd. estate was deemed for all purposes to be an asset of Bane estate  (the "Art Inventory").  The Art Inventory is comprised primarily of prints of works by Olivia De Berardinis, Jon Hul, Loranzo Sperlonga and Hajime Sorayama.

Pursuant to the Settlement Agreement, Bane was appointed as the Estate's representative for the purpose of marketing and selling the artwork on behalf of the estate.  The economy has made that task more difficult.  However, Bane has now located a buyer willing to purchase certain of the Art Inventory, which buyer, to the best of the Trustee's knowledge, is not an insider or affiliate of either Bane or Bane, Ltd.  The Trustee believes that the sale is in the best interests of the estate and its creditors.

II.

## TERMS AND CONDITIONS OF SALE.

Thomas J. Riccio ("Riccio"), an individual , seeks to purchase certain of the Art Inventory which is precisely identified and valued in Exhibit A to **Exhibit 1** (the "Artwork") .  Riccio, has agreed to purchase the Artwork for the total sum of $125,000.00 through 13 installment payments (the "Payments"), evidenced by the Secured Promissory

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Note in the form attached to the Sale Agreement as Exhibit B.  The summary of the terms

2  of the Sale Agreement are set forth below.  Parties in interest should review the Sale

3  Agreement, **Exhibit 1** hereto, for the full terms of the sale.

4         1.      Concurrently with the execution of the agreement Riccio

5  deposited $10,000.00 (the "Deposit") with the Trustee.  Upon the Effective Date (entry of

6  a final order approving the Agreement) the Deposit will be credited against the principal

7  balance of the Purchase Price.  The Deposit is non-refundable unless (i) this Agreement

8  does not become effective within 60 days of the date this Agreement is executed or last

9  amended by the Parties, (ii) the Trustee determines in her sole discretion and notifies

10  Riccio in writing that she cannot and will not deliver the totality of the Artwork, or (iii) the

11  Trustee consents in writing to refund the Deposit to Riccio.

12         2.      Commencing the first business day of the next full month that

13  is at least 15 days after the Effective Date, Riccio shall pay the Trustee $10,000.00

14  continuing for 11 months, when Riccio will make a final payment of $5,000.00 on the 12th

15  month (the "Installment Payment(s)").  Riccio may prepay the balance due at any time.

16         3.      Payment of the Purchase Price shall be secured by a trust

17  deed upon certain real property located at 5326 Templeton Street, Los Angeles,

18  California 90032 (the "Real Property"), which is Riccio's residence.  The Trustee agrees

19  not to sell the Trust Deed for a period of one year after the Effective Date.  In the event

20  Riccio determines to sell or refinance the Real Property before the totality of the

21  Purchase Price is paid, the Trustee agrees to cooperate with Riccio so that the Trust

22  Deed (and Purchase Price it secures) will be paid off before the final Installment Payment

23  becomes due and payable, provided however, the Trustee will only agree to subordinate

24  the Trust Deed to the amount of debt then existing based on existing and recorded liens

25  against the Real Property with priority over the Trustee's Trust Deed.  In other words, the

26  Trustee will cooperate in Riccio refinancing the Real Property, however, the Trustee will

27  not agree to increase the debt with priority over Riccio's obligation to the Trustee.

28         4.      Upon the Effective Date and the Trustee's receipt of the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  payments as specified in the agreement, Riccio may take possession and otherwise

2  dispose of incremental portions of the Artwork on the following conditions:

3            a.       Until the Purchase Price is paid in full, Riccio shall not

4  be entitled to take possession of and sell or otherwise dispose of Artwork valued at more

5  than twenty-five percent (25%) of the amount paid by Riccio to date, and therefore,

6  unless and until Riccio delivers his final Installment Payment to the Trustee representing

7  payment of the entire Purchase Price, Artwork valued at $95,000.00 shall remain in the

8  exclusive possession of the Trustee or her agent(s).

9            b.       Upon the Effective Date and the Trustee's receipt of

10 the Deposit, Riccio may take possession and dispose of Artwork valued at up to twenty-

11 five (25%) of the Deposit, which shall be limited to a portion of the Artwork with an

12 aggregate value of no more than $2,500.00 as specified on Exhibit "A" but in no amount

13 greater than the limitation provided for in paragraph 4.a. above.

14            c.       Upon the Trustee's receipt of each Installment

15 Payment `due from Riccio, Riccio may take possession of Artwork valued at up to 25% of

16 each Installment Payment, or Artwork with an aggregate value of up to $2,500.00. To the

17 extent that any or all of the Installment Payments are paid earlier than required by section

18 3 above, unless otherwise provided in this Agreement, Riccio may similarly take

19 possession of a portion of the Artwork with an aggregate value of no more than 25% of

20 the value of such early Installment Payments(s) as specified on Exhibit "A" but in no

21 amount greater than the limitation provided for in paragraph 4.a. above.

22            d.       Within 15 days of Riccio's payment of the totality of the

23 Purchase Price to the Trustee, Riccio shall take possession of the totality of the Artwork

24 not otherwise acquired by Riccio pursuant to paragraphs 4.a-c above.  Riccio agrees the

25 Trustee is free to sell or otherwise dispose of any Artwork not retrieved by Riccio as of

26 the date 60 days after Riccio's payment of the totality of the Purchase Price.

27            e.       Unless the condition of any of the Artwork materially

28 changes from its current condition (i.e. the Artwork is damaged) while in the possession

6

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  of the Trustee or the Trustee's agent(s), Riccio shall not be entitled to a credit or a return

2  of any monies paid, in the event that he does not take possession of any portion of the

3  Artwork.

4          5..     Further, the agreement provides that Riccio has inspected the

5  Artwork and agrees the Artwork is in satisfactory condition for him to perform in

6  accordance with the terms of this Agreement. The cost of retrieval and any other cost of

7  effectuating Riccio's possession of the Artwork shall be the sole responsibility of Riccio.

8

9                          III.

10  **THE SALE SHOULD BE APPROVED BECAUSE IT IS SUPPORTED BY A GOOD**

11  **BUSINESS JUSTIFICATION AND IS IN THE BEST INTEREST OF THE ESTATE**

12          Bankruptcy Code section 363 allows a Trustee to sell property of the estate

13  outside the ordinary course of business. See 11 U.S.C. § 363(b)(1). Before approving a

14  proposed sale, courts require that the Trustee articulate some business justification for

15  the sale. See, e.g., In re Continental Airlines, Inc., 780 F.2d 1223, 1226 (5th Cir. 1986);

16  Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Lionel Corp.,

17  722 F.2d 1063, 1071 (2d Cir. 1983); Walter v. Sunwest Bank (In re Walter), 83 B.R. 14,

18  19-20 (9th Cir. B.A.P. 1988) (citing In re Continental Air Lines, Inc., 780 F.2d 1223 (5th Cir.

19  1986)). Whether the proffered business justification is sufficient depends on all salient

20  factors, including the value of the property, whether the property is increasing or

21  decreasing in value, etc. E.g. In re Walter, 83 B.R. at 20.

22          Here, the Trustee is selling the Artwork for its best value given the

23  economy. Moreover, pursuant to the terms of the sale, the estate is protected in the

24  event of default. At no time, is Riccio allowed to take Artwork with a value exceeding

25  25% of the amount paid. Further, Riccio is granting to the Trustee a security interest in

26  his primary residence to secure the payments required pursuant to this agreement.

27          Finally, the Trustee will not incur any costs in connection with selling the

28  Artwork. Not only will the Trustee not pay a commission, but she also will not be required

1  to pay any storage or delivery charges.

2

3          Thus, the Trustee has concluded that the sale of the inventory is in the best

4  interests of the estate and its creditors.

5                                            IV.

6  **OVERBIDDERS ARE WELCOME AT THE HEARING TO APPROVE THE SALE**

7          Other potential buyers may submit overbids at the hearing to approve the

8  sale.  If an overbidder does appear, the Trustee requests that the Court adopt the

9  following overbid procedures.

10      A.      **Eligibility/Qualifications to Make Competing Bids.**

11          A party may submit an overbid at the hearing only if such party tendered the

12  following to the Trustee prior to the commencement of the hearing:

13          1.      A $13,500 deposit by cash or cashier's check payable to "Helen R.

14  Frazer, Chapter 7 Trustee," and

15          2.      Evidence reasonably satisfactory to the Trustee that the bidder has

16  the financial and other ability to consummate a sale of the Artwork, on terms and

17  conditions no less favorable to the Estate than those between the Trustee and Riccio

18  (examples of such evidence include, without limitation, a current bank statement or

19  financial statement, or a letter from a lender indicating that the bidder has been pre-

20  approved for a loan)

21

22      B.      **Auction.**

23          If the Trustee receives a bid from a qualified bidder (a "Qualified Overbid"),

24  an auction will be conducted at the hearing on this motion.  At the commencement of the

25  auction, the Trustee will announce the opening bid, which will be the Qualified Overbid

26  that the Trustee determines, in her sole discretion, is the highest and best Qualified

27  Overbid.  During the auction, any participant may increase his/her/its bid by another bid

28  that provides for consideration that exceeds the then highest bid by at least $1,000.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**V.**

## THE SALE SHOULD BE FREE AND CLEAR OF ALL LIENS AND INTERESTS

Bankruptcy Code section 363(f) provides that a Trustee may sell property of the estate free of any interest in such property of an entity other than the estate if:

    (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    (2)    such entity consents;

    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4)    such interest is in bona fide dispute;   or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

The Trustee is not aware of any liens, claims or interests in or on the Artwork, other than the estate's interest. To the extent that any party who asserts a lien, claim or other interest in the Artwork receives notice of this Motion and does not file a written objection, such party should also be deemed to consent to the sale free of its interest. Id. In addition, any such interest would likely be in dispute, in which case the Trustee would be also be able to sell the Artwork free of such interest pursuant to Bankruptcy Code section 363(f)(4).

**VI.**

## REQUEST FOR WAIVER OF FOURTEEN-DAY STAY

## SET FORTH IN RULE 6004(h)

Federal Rule of Bankruptcy Procedure 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h) (emphasis added). In this case, a waiver of the stay would expedite the consummation of the sale. Therefore, in the absence of any opposition, is cause exists to waive the fourteen (14) day stay prescribed by Rule 6004(h).

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## VII.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that the Court enter an order:

1.      Authorizing the Trustee to sell the Artwork to Riccio for the sum of $125,000 pursuant to the terms of the Purchase Agreement , or alternatively, to a qualified overbidder;

2.      Approving the bidding procedures described herein;

3.      Ordering that the sale shall be free and clear of all liens and other interests pursuant to 11 U.S.C. § 363(f);

4.      Waiving the fourteen (14) day stay period provided under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure;

5.      Authorizing the Trustee to execute any documents and take all actions necessary or appropriate to effectuate the sale(s);

6.      Reserving exclusive jurisdiction to enforce the terms of, and/or resolve any disputes related to, the Trustee's sale of the Artwork and/or the Court's order on this motion;  and

7.      Granting such other relief as the Court deems just and proper.

DATED: February 2, 2010           **Respectfully submitted,**

**Sulmeyer**Kupetz
A Professional Corporation

By: _____
Elissa D. Miller
Attorneys for Helen R. Frazer, Chapter 7
Trustee

1        **DECLARATION OF HELEN R. FRAZER**

2        I, Helen R. Frazer, Declaration

3        1.      I am the duly appointed and acting Chapter 7 Trustee of the estate of

4   Robert Bane.  Except as stated on information and belief, I know all of the facts set forth

5   herein of my own personal knowledge and if called as a witness I would and could

6   competently testify hereto.

7        2.      On October 23, 2007, Debtor each filed a voluntary petition under

8   Chapter 7 of the Bankruptcy Code.  I was appointed as Trustee of both cases shortly

9   thereafter and have been serving in that capacity since.  Among the assets of the Bane

10  Ltd. estate was art inventory.  The Trustee commenced litigation against Bane and Bane,

11  Ltd., among others.

12       3.      On August 24, 2009, the Court entered an Order Granting Motion Of

13  Chapter 7 Trustee To Approve Settlement, which approved and made effective a

14  Settlement Agreement by and between me, Bane and Bane Ltd. and others to resolve

15  the litigation.  Through the Settlement Agreement, the art inventory in Bane Ltd. estate

16  was deemed for all purposes to be an asset of Bane estate  (the "Art Inventory").  The Art

17  Inventory is comprised primarily of prints of works by Olivia De Berardinis, Jon Hul,

18  Loranzo Sperlonga and Hajime Sorayama.

19       4.      Pursuant to the Settlement Agreement, Bane was appointed as the

20  Estate's representative for the purpose of marketing and selling the artwork on behalf of

21  the estate.  Based on my review of the records of this case, the information disclosed at

22  the meetings of creditors and discussions with Bane and  Bane's Counsel,  I am informed

23  and believe that Bane is and has been for many years in the art publishing, marketing

24  and selling business and as such is in the best position to sell the art inventory which is

25  property of this estate.  Also, pursuant to the Settlement Agreement, Bane does not

26  receive a commission for selling the Art Inventory.

27       5.      The economy has made the task of selling the Art Inventory more

28  difficult.  However, Bane has now located a buyer willing to purchase certain of the Art

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   Inventory, which buyer, to the best of the Trustee's knowledge, is not an insider or

2   affiliate of either Bane or Bane, Ltd.  The Trustee believes that the sale is in the best

3   interests of the estate and its creditors.

4         6.     As a result of the sale, the estate will receive the sum of $125,000

5   within one year of the order approving this sale. Pursuant to the terms of the Sale

6   Agreement, in the event the buyer defaults, the estate is protected as follows:

7         a.     The Buyer shall not take possession of art with a value of

8   more than 25% of the amount of the payments.  In other words, and by way of example, if

9   the only payment made by the purchaser is the initial $10,000 deposit and the Court

10   enters an order approving this agreement, then the Purchaser is only entitled to take art

11   worth $2,500.00; and

12         b.     The Estate is holding a security interest in the Debtor's

13   primary residence to secure payment of the purchase price.

14         c.     Finally, if the buyer refuses to take possession of any of the

15   artwork the buyer does not receive a credit in the purchase price unless the refusal to

16   take the artwork is due to a material change in the condition of the artwork.

17         7.     I have reviewed the sale and believe that the sale is in the best

18   interests of the estate and its creditors and should be approved.

19

20         I declare under penalty of perjury under the laws of the United States of

21   America that the foregoing is true and correct and that this Declaration is executed this

22   ___ day of January, 2010 at Cerritos, California

23

24                Helen R. Frazer

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

EMILLER\ 605053.1